IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KELLY L. HUTTO,
    Plaintiff,

vs.                                        Case No.: 3:19cv1401/LAC/EMT

DR. NICHOLAS DELGADO, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's Request for Entry of Default (ECF No. 8). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). For the reasons stated below, the undersigned respectfully recommends that Plaintiff's request be denied.

I.     BACKGROUND

Plaintiff, a detainee of the Okaloosa County Department of Corrections proceeding pro se and in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983, naming three Defendants: Dr. Nicholas Delgado, Corizon Health, and Okaloosa County Board of County Commissioners ("Okaloosa County") (ECF No. 1). On June 28, 2019, the court directed the United States Marshals Service

("USMS") to attempt service of Plaintiff's Complaint upon Defendants by mailing waiver documents to each Defendant (ECF No. 7). The order provided each Defendant sixty (60) days to serve a responsive pleading if that Defendant waived service, and twenty-one (21) days if personal service was required (*see id.*).

On August 6, 2019, the USMS notified the court that Defendant Okaloosa County waived service on July 29, 2019 (*see* ECF No. 8). Defendants Corizon and Dr. Delgado waived service on August 9, 2019 (*see* ECF Nos. 11, 14).

Plaintiff filed his request for default on August 1, 2019, requesting entry of default against all Defendants (ECF No. 8).

II.   DISCUSSION

Rule 12 of the Federal Rules of Civil Procedure provides that a defendant must serve a responsive pleading within a specified time "after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Rule 12 specifies the response time as 21 days after being served with the summons and complaint; or, if the defendant waived service, 60 days after the request for service was sent. *See* Fed. R. Civ. P. 12(a)(1)(A).

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b) provides for a final default judgment against a defendant who has been defaulted. *See* Fed. R. Civ. P. 55(b)(1)–(2).

Here, Plaintiff has not shown, by affidavit or otherwise, he is entitled to entry of a default or a default judgment against any Defendant. As previously discussed, Defendant Okaloosa County waived service on July 29, 2019, making this Defendant's responsive pleading due September 27, 2019. And Defendants Corizon and Dr. Delgado waived service on August 9, 2019, making their responsive pleadings due October 8, 2019. At the time Plaintiff filed his request for default on August 1, 2019, none of the Defendants' response times had expired. Therefore, Plaintiff is not entitled to an entry of default against any Defendant.

Based on the foregoing, the undersigned respectfully **RECOMMENDS**:

Plaintiff's Request for Entry of Default (ECF No. 8) be **DENIED**.

At Pensacola, Florida, this 12th day of August 2019.

> */s/ Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:19cv1401/LAC/EMT

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**